MUNKWITZ REALTY & INVESTMENT COMPANY, Plaintiff,
vs. DIEDERICH SCHAEFER COMPANY (SCHMIDT, Re-
ceiver), Appellant: CITY OF MILWAUKEE, Claimant,
Respondent.

*May 9—June 6, 1939.*

For the appellant A. C. Schmidt, receiver, there was a brief by *August C. Moeller,* attorney, and *Emmet Horan, Jr.,* of counsel, both of Milwaukee, and oral argument by *Mr. Horan.*

For the respondent there was a brief by *Walter J. Mattison,* city attorney, *Mathias Schimenz* and *Werner A. Wilking,* assistant city attorneys, and oral argument by *Mr. Schimenz* and *Mr. Wilking.*

WICKHEM, J.   The first question is whether under sec. 128.17 (1), Stats., the city of Milwaukee is entitled to priority over general creditors for the portion of its claim which represents interest and penalties accruing as a result of delinquency in paying the tax.   In listing claims entitled to priority par. (d) of this section provides:

"Taxes, assessments, and debts due the United States or this state, or any county, district or municipality."

An able argument is made by appellant to the effect that interest and penalties are not a part of the tax or entitled to priority in such a proceeding as is here involved.   That there is authority to this effect is not open to question.   It is clear, however, that this court has adopted and followed a contrary rule.   In *State v. Railway Companies,* 128 Wis. 449, 108 N. W. 594, the court held in effect that a penalty is a part of the tax.   In the case of *State ex rel. Portage County D. Dist. v. Newby,* 169 Wis. 208, 212, 171 N. W. 953, the court said:

"It seems to us so clear that the word 'principal' covers the two per cent and twelve per cent penalties in suit as well as the amount of the assessment itself that we do not regard discussion of the proposition as in any respect useful."

In *Westby v. Bekkedal,* 172 Wis. 114, 178 N. W. 451, this court held that the penalty in the case of a delinquent tax becomes a part of the tax and is payable with it.   This was the construction placed upon the Wisconsin authorities by the cases of *State of California v. Hisey* (9th Cir.), 84 Fed. (2d) 802, and *Milwaukee County v. White Co.* (D. C.) 17 Fed. Supp. 759.

We conclude that such penalties and interest, if properly computed, constitute a preferred claim.

The next contention is that the penalties and interest should have been computed according to.the provisions of ch. 294, Laws of 1937. This act provides:

"Section 1. In order to simplify the administration of the collection of delinquent taxes both before and after tax sale, both for the convenience and information of the taxpayer and the several collecting treasurers, the two per cent penalty, advertising fee, selling fee, redemption fee and the interest charge of eight per cent per annum now in force are abolished. In lieu thereof a flat interest charge of eight tenths of one per cent per month or fraction thereof on the principal sum of the tax from the first day of January succeeding the year of the tax levy shall be charged. All laws or parts of laws inconsistent herewith are repealed and the revisor of statutes is directed to amend the applicable sections of the statutes in accordance with this act."

It is the contention that this act is remedial in character and should be construed to be retrospective in operation. We discover no evidence of such a legislative intent. The act is not expressly retrospective and, in view of its expressed purpose to simplify problems of delinquent tax collection, it cannot have been intended to have such an effect. · Actions have been begun and are pending for delinquent personal taxes. Real property has been sold and certificates issued for the amount of the tax and penalties. These have in some cases been used as collateral for loans. The legislature could not have meant that all of these transactions must be revised to conform to ch. 294, Laws of 1937, if its purpose was to simplify matters, because retrospective operation would open a Pandora's Box of complications and not a few constitutional questions of considerable substance.

The next contention of appellant is that penalties in the total sum of $657.64 should not only have been denied priority but should have been fully disallowed. This amount was

the total of five per cent penalties for the years 1932, 1933, and 1934. The only authorization for any such penalties is sec. 24.23 of the Milwaukee city charter, which provides with respect to delinquent taxes that, if they are not paid by the date specified, the treasurer shall issue a warrant directed to the chief of police requiring and commanding him to collect such taxes on personal property as shall then remain unpaid. It is provided that the additional sum of one per cent per month from the first day of February be added to such taxes and continue until the date of their payment. It is further provided that,—

The chief of police shall thereupon proceed to collect these taxes "and shall be entitled to demand and collect a commission or percentage of five per cent on all sums collected by him, which percentage shall be added by him to said taxes and monthly additions of one per cent and collected with the same."

In the stipulation of facts upon which this matter was tried it was agreed that the chief of police of the city of Milwaukee has not at any time collected any part of the taxes, penalties, or interest pursuant to sec. 24.23 of the city charter, and that he was not a party to the stipulation, and had no part in the payment of the principal sum of the taxes by the receiver. It seems to us too apparent to require extended discussion that the five per cent provided by sec. 24.23 is a commission to be paid to the chief of police for making the collection, and is not in any sense a general penalty for delinquency in paying the tax. The chief of police not having made the collection, he is not entitled to it, and the city is not in any event entitled to it. This item should have been wholly disallowed.

*By the Court.*—The order appealed from is modified as indicated in the opinion, and, as so modified, is affirmed. Appellant to have costs upon this appeal.