217 P.2d. 258

**LAWSON v. McKINNEY et al.**

No. 5257.

Supreme Court of New Mexico.

April 15, 1950.

J. Lewis Clark, Estancia, for appellant.

Fred H. Ayers, Estancia, F. Ernest Ayers, Estancia, Carleton Davis, Clovis, for appellees.

McGHEE, Justice.

The appellant sued to quiet title to lands in Torrance County and based his claim on a tax deed dated January 24, 1947, issued pursuant to a sale for taxes, penalties, interest and costs for the year 1943 in the sum of $10.56. The tax sale certificate had been assigned to an individual who in turn assigned it to the plaintiff, and she received the deed. Judgment was rendered in favor of the defendants. We will refer to the parties as they appeared below.

Numerous defenses were interposed in an attempt to defeat the tax deed, such as fraud on the part of the plaintiff in stating that the residence of the defendant Carver was unknown when it appeared on the tax rolls; failure of the county treasurer to mail Carver, in whose name the property was assessed, a notice of the sale; failure to mail him a notice that a deed would issue unless the property was redeemed, and failure of the treasurer to apply checks for taxes sent following the receipt of notices for taxes accruing for subsequent years to the unpaid 1943 taxes, and applying such checks instead to the payment of the taxes for the later years named in the notices. It was further pleaded and proven that the amount for which the property was sold was only a small portion of its value.

The trial court found the facts relating to all such matters in favor of the defendants, and concluded that they constituted constructive fraud on the part of the plaintiff and the treasurer, and that the tax deed was void. It also adopted the rule recommended by Mr. Justice Bickley in his specially concurring opinion in Taylor v. Shaw, 48 N.M. 395, 402, 151 P.2d 743, that where the consideration in a tax sale is grossly inadequate as compared with the actual value of the property the deed should be held invalid.

The statement in the complaint that the plaintiff did not know the address or whereabouts of the defendant Carver is of no help to the defendants. He was personally served with process and filed an answer and cross-complaint in the case.

In view of the curative statute, Sec. 76-726, 1941 Comp., failure to give, or of the taxpayer to receive the notices of taxes due or that the time of redemption is expiring will not invalidate the sale. Witt v. Evans, 36 N.M. 365, 16 P.2d 60; Taylor v. Shaw, 48 N.M. 395, 151 P.2d 743.

We have held treasurers committed constructive fraud and misled the taxpayers to their injury where they gave erroneous information concerning the status of the taxes, and cancelled tax deeds on account thereof. See Scudder v. Hart, 45 N.M. 76, 100 P.2d 536, and Kershner v. Sganzini, 45 N.M. 195, 113 P.2d 576, 134 A.L.R. 1290, but no such situation is presented here. The time for bringing an action attacking the proceedings on account of the neglect of the treasurer expired two years after the date of the sale as provided in Sec. 76-727, 1941 Compilation.

The other members of the Court did not join in the views expressed by Mr. Justice Bickley in Taylor v. Shaw, supra, and we now decline to follow them.

The defendants do not claim that the treasurer was instructed to apply the checks sent him following receipt by them of notices of taxes due for either 1944 and 1945 to the payment of his 1943 taxes. In

the absence of such an instruction the acts of the treasurer in applying such payments on the 1944 and 1945 taxes do not constitute fraud on his part.

No effort was made to show that any of the defendants attempted to redeem the property within two years from the date of sale, the time allowed by statute. It might be thought from certain statements inadvertently made in De Baca v. Perea, 52 N.M. 418, 200 P.2d 715, that the taxpayer had two years from the date of the deed in which to redeem and we take this opportunity to state that the two year period runs from the time of the sale.

We have considered the other matters urged by the defendants in support of the judgment, but find they are without merit. We have also noticed the claimed violation of our rules by the plaintiff in the preparation of his brief but have concluded to decide the appeal on its merits.

As the defendants did not prove any valid defense to the tax deed the judgment rendered in their favor was erroneous.

The judgment will be reversed and the cause remanded to the District Court with instructions to vacate the judgment heretofore rendered, and to enter one for the plaintiff as asked in his complaint.

It is so ordered.

LUJAN, and SADLER, JJ., concur.

BRICE, C. J., and COMPTON, J., not participating.