270 P.2d 706

LAMB et al. v. MANLEY.

No. 5728.

Supreme Court of New Mexico.

May 11, 1954.

K. Gill Shaffer, Jack Albert Smith, Albuquerque, J. Lewis Clark, Estancia, for appellant.

Joseph T. Cole, Jr., Albuquerque, for appellees.

SEYMOUR, Justice.

Plaintiffs filed suit to quiet title; one of the named defendants, O. A. Manley, answered and cross complained, seeking to quiet his own title to a certain half section in Torrance County. From decree in favor of plaintiffs, defendant appeals.

Defendant acquired title to the disputed tract in 1925; he paid taxes for all years through 1938 with the single exception of 1936. The property was sold for 1936 taxes on December 6, 1937. Tax sale certificate was issued and the purchaser thereof, R. T. Floyd, received his tax deed from the county treasurer December 18, 1939. On the same day, Floyd transferred his interest by quitclaim deed to the plaintiffs.

Substantial evidence appears in the record to support the trial court's findings of fact in the following particulars: That in 1936 the property belonged to defendant, was assessed, and no 1936 taxes were paid then or at any time before sale for taxes; that the property was not redeemed within two years from date of tax sale; that for some twenty years defendant's address had been Bryson, Texas; that such address was usually given in the assessment on the tax rolls, but no address was shown on the tax rolls for 1936; that notice of sale for taxes and of the date of the expiration of the redemption period was mailed to defendant at Moriarty, New Mexico, an address never given by defendant, but a town in the vicinity of which the property was located; that this notice was never received; that check dated April 28, 1939, subsequent to the issuance of tax sale certificate to Floyd was applied to payment of 1937 taxes; that this check was not in the amount of 1936 taxes nor was there any evidence to indicate that check was tendered for and intended to redeem from the tax sale; that defendant's lessee, one Williams, sometimes inquired whether or not the taxes on said property were paid; that lessee was not authorized to pay taxes; that there was no clear proof that lessee or anyone else inquired as to the payment or nonpayment of 1936 taxes prior to the issuance of tax deed; further, that there was no clear proof that the treasurer at any time gave defendant or lessee any false or misleading information concerning the payment or nonpayment of 1936 taxes.

Appellant relies upon three points for reversal, and appellee has made certain assignments of error and argues three points directed at additional grounds for affirming the trial court's decision. For disposition of this case it will be necessary to consider only appellant's points one and two. While the other points briefed and argued raise questions of interest, their disposition is not required in this case.

Appellant states his point one as follows:

"The appellant is entitled to have tax deed issued to R. T. Floyd declared void and invalid because of the failure of the county treasurer to send notice of tax sale and redemption period to him at his proper address."

From the findings of the court and from the transcript, it is difficult to determine the exact nature and number of notices sent by the treasurer to the defendant concerning his delinquent taxes. Since the parties have not made any issue of the style and contents of such notices as were sent, but have treated the case as though a proper notice prior to sale and a proper notice prior to the expiration of the redemption period were sent to the defendant, we shall dispose of this case on the same assumption. The argument of appellant is addressed to the effect of mailing such notices to Moriarty, New Mexico, instead of Bryson, Texas. He has stated the question for determination as follows: "Whether or not the failure of the county treasurer to mail the statutory notice to appellant at his last known address amounted to constructive fraud thus vitiating the tax sale and deed which appellee is relying upon to support his title."

Chapter 27, N.M.Laws 1934, Sp.Sess., is the controlling law. Sections 4 and 16 thereof provide for the two notices in question and each respectively includes the following language:

(a) "The failure of any taxpayer or mortgagee to receive such notice, however, shall not invalidate any sale for delinquent taxes."

(b) " * * * but the failure of any taxpayer to receive the same shall not affect or invalidate the deed to be executed to any property upon the expiration of two years from the date of sale thereof."

The complete sections are readily available and, therefore, will not be quoted here.

In this case appellant seeks to apply the doctrine of constructive fraud set forth in the two following decisions of this Court: Scudder v. Hart, 1941, 45 N.M. 76, 110 P.2d 536; and Kershner v. Sganzini, 1941, 45 N.M. 195, 113 P.2d 576, 134 A.L.R. 1290. If we understand appellant's position,

he would extend this doctrine to cover cases in which the county treasurer fails in his duty to send notices as prescribed in §§ 4 and 16 of Ch. 27, Laws 1934.

We cannot so extend the doctrine of constructive fraud. The particular 1934 law and the specific sections relied upon by appellant have been the subject of numerous decisions of this Court. Hood v. Bond, 1938, 42 N.M. 295, 77 P.2d 180; Lawson v. McKinney, 1950, 54 N.M. 179, 217 P.2d 258. Also of interest are Bull v. Martinez, 1939, 43 N.M. 113, 86 P.2d 599; and N. H. Ranch Co. v. Gann, 1938, 42 N.M. 530, 82 P.2d 632. These cases uniformly stand for the proposition that the failure to give such notices or the failure of taxpayer to receive such notices will not invalidate a tax sale. While the foregoing cases do not discuss whether such failure could constitute constructive fraud, we believe it to be consistent with these holdings to conclude that such failure, standing alone, does not constitute constructive fraud within the rule of the Scudder and the Kershner cases. If that failure were coupled with other and specific evidence of actual fraud, a different question would be presented. Appellant seeks to draw a distinction between mailing no notice, as was the case in Hood v. Bond, supra, and the facts of the instant case. We see no such distinction and consider that case controlling here to defeat the contention of appellant.

Parenthetically, that portion of appellant's argument based upon the failure of the treasurer to apply defendant's 1939 check to payment of the 1936 taxes, or redemption, is disposed of by the decision in Lawson v. McKinney, supra.

Appellant's point two is stated as follows:

"The appellant is entitled to have tax deed issued to R. T. Floyd declared void and cancelled because of the failure of the county treasurer to inform appellant's representative of the proper status of the taxes against appellant's land."

Appellant's contention must fail in view of the findings of the trial court in this connection, summarized above, and the reiterated policy of this Court that fraud in all cases, and particularly in cases of this class, must be proven by clear and convincing evidence. Frear v. Roberts, 1947, 51 N.M. 137, 179 P.2d 998; Greene v. Esquibel, 58 N.M. ——, 272 P.2d 330.

It will be unnecessary to consider the other points raised. Judgment is affirmed.

It is so ordered.

McGHEE, C. J., and SADLER, COMPTON, and LUJAN, JJ., concur.