VICTOR MOYER, Corporation Counsel Rock County
You have asked for my opinion as to whether town taxpayers may be granted the privilege of having two months beyond the last day of February to pay their property taxes in full, or one month beyond said date to pay the first installment, in both cases without interest, when a reassessment of their property was not completed until February, 1979.
 The answer is no. *Page 164 
You have furnished me with the following facts:
 One of the towns in Rock County was recently reassessed by order of the State. The assessment was completed in late February, 1979. The attorney for the town expressed the opinion that town taxpayers should have two months thereafter to pay in full or one month to pay a first installment without interest charges. On my advice, the County Treasurer has rejected this argument and will charge interest on late payments. She has agreed to account for such interest separately and to escrow it pending receipt of an opinion from your office.
Under sec. 74.03 (2), Stats., property tax payments are due on or before the last day of February. In addition, sec. 74.03 (2), Stats., provides for the payment of real estate taxes in two equal installments on or before January 31 and July 31. If the real estate taxes are not paid in two equal installments, taxes remaining unpaid on March I are delinquent and subject to interest at the rate of one percent per month or a fraction thereof from January 1, as provided in sec. 74.03 (4), Stats.
A flat interest charge of eight-tenths of one percent per month initially was adopted by ch. 294, Laws of 1937, in order to simplify the administration of the collection of delinquent taxes. The flat charge was in lieu of penalties, fees and interest of eight percent per annum. See Munkwitz R. I. Co. v.Diederich Schaefer Co., 231 Wis. 504, 507, 286 N.W. 30 (1939). The charge was increased to one percent per month by ch. 211, Laws of 1975, effective January 1, 1977.
The mode of levying, assessing and collecting taxes is entirely subject to the discretion of the Legislature, limited by the constitutional provision which requires the rule of taxation to be uniform. Smith v. Cleveland and others, 17 Wis. 573 [*556], [*565] (1863).
A county board has only such powers as may be expressly delegated to it by statute and those powers necessarily implied from the powers which are expressly given to it. Spaulding v.Wood County, 218 Wis. 224, 228, 260 N.W. 473 (1935).
There is no statute authorizing the county treasurer or county board to waive interest charges under these circumstances or otherwise grant special treatment to these taxpayers. *Page 165 
Accordingly, I share your conclusion that in the absence of statutory authority special treatment cannot be granted to residents of the town even though the shortness between notice and due date may have worked some hardship for them.
BCL:APH