598 P.2d 216

**Tommy TOMSON, on behalf of himself and all others similarly situated, Plaintiff-Appellant,**

v.

**COUNTY OF DONA ANA, New Mexico, and the County Treasurer and County Assessor of Dona Ana County, New Mexico, Defendants-Appellees.**

**No. 3631.**

Court of Appeals of New Mexico.

June 26, 1979.

Charles W. Cresswell, Martin, Martin & Lutz, Las Cruces, for plaintiff-appellant.

Joseph M. Holmes, Asst. Dist. Atty., Las Cruces, for defendants-appellees.

OPINION

WALTERS, Judge.

On April 8, 1975, plaintiff brought a class action to declare void a 5% penalty assessed against himself and other taxpayers who failed to declare their properties prior to March 1, 1974. Defendants did not answer. Instead, they filed a motion for summary judgment, and a hearing was held on the motion.

Two years later, absent any fault of the parties for delay, the district court entered an order sustaining the motion for summary judgment. The order read:

THE COURT, after having taken into consideration the Complaint, the Affidavits attached to the Motion for Summary Judgment, and the exhibits attached thereto, is of the opinion that the motion should be sustained as the Plaintiff, in his pleadings has not shown any cause of action under the statutes of the state.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the Motion for Summary Judgment be and the same is granted.

The additional 5% on 1974 taxes was imposed on appellant pursuant to § 72–2–13, N.M.S.A.1953. That section and a large portion of the Property Tax Code was repealed by the 1974 legislature, to become effective January 1, 1975. In the same legislative session, however, a proviso was enacted excepting from the repealed Property Tax Code the "collection and administration of property taxes imposed in tax years prior to the 1975 tax year." Laws of 1974, ch. 92, § 33B(2).

Appellant argued that the attempt to collect the penalty was not an attempted collection of a tax so as to be within the exception. This question has not been decided in New Mexico, and there is no uniformity in the decisions of other jurisdictions. We are inclined to agree with those courts which have held that an assessed

penalty for taxpayers' delinquencies "is as much a part of the tax as the principal amount." *In re Knox-Powell-Stockton Co.*, 100 F.2d 979 (9th Cir. 1939); *see also Munkevitz Realty & Inv. Co. v. Diederich Schaefer Co.*, 231 Wis. 504, 286 N.W. 30 (1939). Appellant cannot deny that the penalty is directly tied to non-compliance with the taxpayer's duty to list and declare his property with the county assessor for taxation purposes, and that procedure is likewise undeniably part and parcel of the task of collecting and administering property taxes in any given year.

Appellant failed to declare his property between January 1 and March 1, 1974, as he was required to do under § 72–2–10.1, N.M. S.A.1953. The assessor imposed the additional 5% for his failure to so do, in accordance with § 72–2–13. The latter section did not become ineffective, as repealed, until January 1975. All taxes "prior to the 1975 tax year" were to be "imposed, collected and administered as provided by the law then in force." Laws of 1974, Ch. 92 § 33B(2). The law then in force was § 72–2–13, which directed the assessor, if he ascertained that any property subject to taxation had not been declared, listed, and valued, to extend the taxes against such property and "add thereto an amount equal to five (5%) per cent."

At the time the repeal took effect, appellant owed the additional five percent. Whether considered a tax or a penalty, nothing in the repealer of § 33 of Ch. 92 of the 1974 Laws excepted his obligation for its payment. His complaint alleged arbitrary, capricious and illegal assessment of that amount, and as the above discussion indicates, there simply is no basis in fact or law upon which the allegations of the complaint could be sustained.

The trial court correctly disposed of the matter, whether we choose to call it dismissal of the complaint or grant of summary judgment. See *Garver v. Public Service Co. of New Mexico*, 77 N.M. 262, 421 P.2d 788 (1966). The label is insignificant and to deny jurisdiction on that ground in order to dismiss the appeal, as suggested by our

brother, is to exalt form over substance. *Akre v. Washburn*, 92 N.M. 487, 590 P.2d 635 (1979); *see also Westbrook v. Lea General Hospital*, 85 N.M. 191, 510 P.2d 515 (Ct.App.1973).

Since the judgment must be affirmed, the class action issue raised by appellee need not be considered.

The judgment is affirmed and IT IS SO ORDERED.

ANDREWS, J., concurs.

SUTIN, J., dissented.

SUTIN, Judge (dissenting).

I dissent.

As my sisters say, I exalt form over substance. They believe that the failure to state a cause of action allows entry of a summary judgment; that sustaining a motion for summary judgment constitutes a summary judgment; that an order sustaining a motion for summary judgment is a final judgment from which to appeal.

On April 8, 1975, plaintiff brought a class action to declare void a 5% penalty assessed against property listed and valued prior to March 1, 1974. Defendants did not answer. Instead, they filed a motion for summary judgment. A hearing was held.

Two years later, absent any fault of the parties for delay, the district court sustained the motion for summary judgment. It was entitled "ORDER SUSTAINING MOTION FOR SUMMARY JUDGMENT." In the Order entered, the district court stated that in his opinion, the motion should be sustained:

. . . as the Plaintiff, in his pleadings has not shown any cause of action under the statutes of the State.

No finding was made "that there is no genuine issue as to any material fact," and that defendants are entitled to a judgment as a matter of law. Rule 56(c) of the Rules of Civil Procedure. A summary proceeding is used to determine whether an issue of fact exists, not to determine whether plaintiff's complaint states a claim for relief. *Rekart v. Safeway Stores, Inc.*, 81 N.M. 491, 468 P.2d 892, 38 A.L.R.3d 354 (Ct.App.1970).

Furthermore summary judgment was not entered for defendants. The Order states:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT that the Motion for Summary Judgment be and the same is granted.

An appeal can only be taken from a final judgment. The granting of a motion for summary judgment is nothing more than a determination that the party is entitled to a judgment. It does not constitute the entry of a final judgment. *Felger v. Nichols*, 30 Md.App. 278, 352 A.2d 330 (1976); *Dowling v. Jensen*, 28 Ill.App.2d 174, 171 N.E.2d 107 (1960).

The Order granting defendants' motion was not submitted to the parties for approval as to form. Nevertheless, we have often cautioned attorneys to "Beware The Ides Of March." Defendants should have sought entry of a final judgment and plaintiff should not have taken an appeal from an Order sustaining a motion. The expense involved and the labor lost in the preparation of briefs and oral argument is viewed by me with antagonistic eyes.

Four years have passed since the complaint was filed. I look with disfavor of a class action of this kind even though it was filed before Rule 23(a) and (c) of the Rules of Civil Procedure was revoked and vacated by Supreme Court Order on July 22, 1976. *See* Braziel-Castoria, *The Future of Class Actions in New Mexico*, 7 N.M.L.Rev. 225 (1977).

This case should be remanded to the district court and plaintiff should be granted an opportunity to establish his claim.