681 P.2d 1111

Joe **TABET** and Lily Tabet,
Plaintiffs-Appellees,

v.

Geraldine **CAMPBELL**,
Defendant-Appellant.

No. 15120.

Supreme Court of New Mexico.

May 30, 1984.

Martha A. Daly, Rothstein, Bailey, Bennett & Daly, Santa Fe, for plaintiffs-appellees.

Paul S. Wainwright, Robinson, Stevens & Wainwright, P.A., Albuquerque, for defendant-appellant.

## OPINION

WALTERS, Justice.

Plaintiffs Joe and Lily Tabet (Tabets) brought an action against Geraldine Campbell (Campbell) and the State of New Mexico Taxation and Revenue Department, Property Tax Division (State), to invalidate a deed from the State to Campbell and to have the property deeded back to them. Campbell appeals the trial court's grant of summary judgment in favor of Tabets. We affirm.

The facts are not in dispute. Tabets became fee simple owners of the property in question in 1963. They failed to pay the property tax, $42.35, in 1971. In 1973 the Valencia County Treasurer issued a tax deed for the property to the State of New Mexico pursuant to NMSA 1953, Repl.Vol. 10 (1961), Section 72–8–15. That tax deed was recorded in 1975. On April 27, 1982, Tabets were notified by the State in accordance with NMSA 1953, Repl.Vol. 10 (1961), Sections 72–8–29 and 72–8–30, that a tax deed had been issued to the State and that, if Tabets did not repurchase the property within 30 days of notice, the property would be sold at public auction. Tabets timely presented the proper documents and payment to the county treasurer. The county treasurer, however, according to her affidavit, "assumed that the payment was for the current tax year and put it in

the pending file ...." The State, as a result, received neither payment nor notice of payment and sold the property to Campbell on June 3, 1982. Two weeks later Tabets filed this action, alleging that the county treasurer had been negligent in accepting the payment and failing to transmit the documents and payment to the State.

The issues on appeal are whether Tabets' timely payment of the delinquent tax *to the county treasurer* satisfied the statutory requirements to effect repurchase of property by a delinquent taxpayer and, if not, whether the inaction of the county treasurer upon receipt of the payment is sufficient to defeat Campbell's title. We answer the first question in the affirmative and affirm on that ground.

Campbell argues, citing *Worman v. Echo Ridge Homes Cooperative, Inc.*, 98 N.M. 237, 647 P.2d 870 (1982), that the law to be applied to the tax sale is the law in effect at the time the tax was imposed. The law governing the sale of real property for delinquent taxes, in 1971, was NMSA 1953, Repl.Vol. 10 (1961), Sections 72–8–1 to 72–8–52. Section 72–8–32 provided that the documents and payment required for the repurchase of property were to be submitted to the State Tax Commission. The State Tax Commission was abolished in 1970 (1970 N.M.Laws, ch. 31, § 22); its present equivalent is the Taxation and Revenue Department, Property Tax Division. *See* NMSA 1978, § 9–11–4 (Repl.Pamp. 1983). Thus, argues Campbell, Tabets' payment to the county treasurer was not in compliance with the statute in effect in 1971 and Tabets' interest in the property was extinguished when the property was sold by the State. *See* NMSA 1953, Repl. Vol. 10 (1961), Section 72–8–31.

Tabets urge, however, that the county treasurer's failure to examine the documents presented to her and to forward them to the Department constituted constructive fraud; and that, according to NMSA 1953, Repl.Vol. 10 (1961), Section 72–8–20, Campbell's title is void. They contend, alternatively, relying on *Buescher v. Jaquez*, 677 P.2d 615 (N.M.1984), that the

law applicable to their attempted repurchase of the property is the law that was in effect at the time of the 1982 tax sale. Asserting the three affidavits submitted by the present and former Valencia County treasurers and a former employee of the Department of Taxation, it is Tabets' position that payment to the county treasurer constituted payment to the State and that the deed to Campbell, consequently, is void. *See* NMSA 1978, § 7–38–62 (Repl.Pamp. 1983); NMSA 1953, Repl.Vol. 10 (1961), Section 72–8–20.

■ *Worman* correctly held that property taxes imposed prior to the 1975 tax year, the date when repeal of the laws in effect in 1971 became effective, were to be collected and administered under, and disposition of property deeded to the State for delinquent taxes were to be governed by, the law then in force. 1974 N.M.Laws, ch. 92, Section 33(B)(2), so provided. The *Buescher* court dealt with a situation in which the tax lien arose on January 1, 1977. The delinquent tax in *Buescher*, therefore, which had been imposed in 1977 (*see* NMSA 1978, § 7–38–48 (Repl.Pamp. 1983)), was not subject to the retroactive effect of 1974 N.M.Laws, ch. 92, Section 33(B)(2). The broad holding of *Buescher*, that "a tax sale must comply with the requirements of the statute in effect at the time of the tax sale," is limited to those situations in which the tax was imposed in 1975 or later, when the limitations of the 1974 Laws addressed in *Worman* no longer apply.

Under the law in effect in 1971, when Tabets failed to pay their property tax, there were four circumstances which would have defeated Campbell's title:

(1) if the property was not subject to taxation for the years named in the deed to the State, (2) if the taxes had been paid before the sale to the State, (3) if the property had been redeemed from the sale, or (4) if the owner proves that fraud was committed by the officer selling the land.

*Worman*, 98 N.M. at 239, 647 P.2d at 872, citing NMSA 1953, Repl.Vol. 10 (1961), Sec-

tion 72–8–20. We have previously held that, for purposes of interpreting the tax statutes, the terms "redeem" and "repurchase" are synonymous. *Sanchez v. New Mexico State Tax Commission*, 51 N.M. 154, 180 P.2d 246 (1947). We now hold that Tabets' payment to the county treasurer constituted "repurchase" of the property as provided in NMSA 1953, Repl.Vol. 10 (1961), Section 72–8–32, and "redemption" from the sale to the State referred to in Section 72–8–20. Section 72–8–32 provided for redemption payments to the State Tax Commission, but, as we have noted, that body no longer exists. After 1970, the Department of Taxation and Revenue became responsible for collecting delinquent taxes. Although Section 72–8–32 was in effect between 1971 and 1975, Tabets could not comply with a requirement that their redemption payments be made to a non-existent commission. We can look only to the present statutes, therefore, to determine the relationship of county treasurers to the successor Department of Taxation and Revenue. *See* NMSA 1978, § 7–38–42 (Repl.Pamp.1983), and NMSA 1978, § 7–38–62 (Repl.Pamp.1983). The three affidavits submitted by Tabets in support of their motion for summary judgment assert that the Valencia County Treasurer was authorized under Section 7–38–62, at the time Tabets' payment was made, to accept payment of delinquent taxes. "[T]he department may authorize county treasurers to act as its agents in accepting payments of [delinquent] taxes, penalties, interest or costs due." Section 7–38–62. According to Tabets, payment to the county treasurer constituted payment to the State and, consequently, Campbell's deed is void because of a valid redemption prior to the date of the tax sale by the State. NMSA 1953, Repl.Vol. 10 (1961), Section 72–8–31.

Campbell does not attack the contents of the affidavits. She does argue that they were improperly considered by the trial court because they were not based on the personal knowledge of the affiants. Although her objection is imprecise, it appears that she claims affiants did not *know*

that the Valencia County Treasurer was authorized to accept payment of delinquent taxes, but that they merely interpreted Section 7–38–62 to be an automatic grant of agency status to county treasurers.

 Campbell's argument is not persuasive. Whether or not the county treasurer had received formal authorization from the State to receive payment of delinquent taxes under Section 7–38–62, the Valencia County Treasurer was an agent of the State for the purpose of collecting property taxes. § 7–38–42. The treasurer had apparent if not, indeed, statutory authority to accept payment of delinquent taxes on property deeded to, but not yet sold by, the State. § 7–38–42(C)(1). Apparent authority is "that authority which a principal holds his agent out as possessing *or permits him to exercise or to represent himself as possessing,* under such circumstances as to estop the principal from denying its existence." (Emphasis added.) *Segura v. Molycorp, Inc.,* 97 N.M. 13, 19, 636 P.2d 284, 290 (1981), quoting from 2 C.J.S. *Agency* ¶ 157(a) (1972). A principal is bound by the actions taken under the apparent authority of its agent if the agent is in a position which would lead a reasonably prudent person to believe that the agent possessed such apparent authority. *Vickers v. North American Land Developments, Inc.,* 94 N.M. 65, 607 P.2d 603 (1980). Likewise, the acts of an agent with actual authority are binding on the principal. *Smith v. Walcott,* 85 N.M. 351, 512 P.2d 679 (1973).

Two of the affidavits submitted by Tabets recited that it was common practice for the Valencia County Treasurer to accept payment of delinquent taxes. These uncontested statements were based on personal knowledge of the affiants and were properly considered by the trial court. *See* NMSA 1978, Civ.P.R. 56(e) (Repl.Pamp. 1980). The county treasurer at the time Tabets tendered payment demonstrated in her affidavit that she held herself out as the agent of the State for the purpose of accepting payment of delinquent taxes. Tabets had a right to rely on her representations. *See Kershner v. Sganzini,* 45

N.M. 195, 113 P.2d 576 (1941). As principal, the State was bound by the county treasurer's acceptance of Tabets' payment. *See Vickers v. North American Land Developments, Inc.*

Under the facts of this case, we hold that Campbell's deed is void. NMSA 1953, Repl.Vol. 10 (1961), Section 72–8–20; NMSA 1978, Section 7–38–42(C)(2) (Repl. Pamp.1983).

Because of the result we have reached for the reasons above stated, it is unnecessary to address Tabets' claim of constructive fraud.

The judgment of the trial court is affirmed. IT IS SO ORDERED.

FEDERICI, C.J., and RIORDAN, J., concur.