TIMOTHY F. CULLEN, Chairperson Senate Organization Committee
Pursuant to section 165.015(1), Stats., the Committee on Senate Organization requests my opinion on the following question:
 Does section 74.80(2) of the statutes, as amended by section 1268 of 1983 Wisconsin Act 27, permit a county, city, village or town to enact an ordinance which would make the one-half of one percent per month penalty apply on a retroactive basis to the date the tax first became delinquent even though such date may have been many months or years prior to the effective date of the ordinance?
 In my opinion it does not. *Page 73 
Section 1268 of 1983 Wisconsin Act 27 became effective July 2, 1983. The text from the act sets forth both the old and new language as follows:
 74.80(2)(a) The board of any county or the city council of any city authorized by law to collect and sell its own taxes may by ordinance impose a penalty of [6% or less]* up to 0.5% per month or fraction of a month, in addition to the interest under sub. (1), on any overdue or delinquent real estate taxes and special assessments. The [ordinance]* governing body of any city, village or town may, by ordinance, impose a penalty of up to 0.5% per month or fraction of a month, in addition to the interest under sub. (1), on any overdue or delinquent personal property taxes.
*
[EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS STRICKEN THROUGH IN THE ORIGINAL TEXT.]
 (b) Any ordinance enacted under par. (a) may specify that the penalty under this subsection shall apply to any real estate taxes and special assessments, or to any personal property taxes, that are overdue or delinquent on the effective date of the ordinance. The ordinance may specify that the penalty under this subsection shall apply to any real estate taxes and special assessments, or to any personal property taxes, that become overdue or delinquent on or after January 1, 1982. The ordinance may specify that any or all of the real estate taxes and special assessments on an owner-occupied residence or farm is not subject to the penalty under this subsection. The ordinance may specify that the county treasurer shall exclude the additional revenue generated by the penalty from the distributions required by ss. 74.03(7) and 74.031(12)(c) and (d).
The six percent penalty authorized under former section 74.80(2) was discussed in 71 Op. Att'y Gen. 189 (1982). That opinion stated that a county could impose a flat six percent or less penalty by ordinance, that it was a one time penalty, that it was not to be calculated at one-half of one percent per month and that an ordinance could provide: (1) that such penalty applies to delinquent taxes that were delinquent on the date of enactment of the ordinance or had become delinquent on some previous date; (2) that such penalty applies to delinquent taxes as they become due after enactment of the ordinance; and (3) that such penalty applies only as to delinquent taxes which became delinquent after January 1, 1982, or some later date. The opinion did not state that the six percent penalty could be retroactively applied or that an ordinance could be retroactive in any *Page 74 
manner. The penalty would only be applicable to taxes which werethen delinquent or which would become delinquent in the future. It was a one time charge and the fact that the taxes had been
delinquent at an earlier date did not make application of the penalty retroactive.
The 1983 Legislature saw fit to broaden the statute to enable a town, city or village to impose a penalty by ordinance on delinquent personal property taxes. The Legislature also changed the penalty from a one time "6% or less" amount to "a penalty up to 0.5% per month or fraction of a month in addition to the interest under sub. (1) on any overdue or delinquent real estate taxes and special assessments." In my opinion there is no limit on the number of months to which the penalty can apply but the rate of the penalty may not be more than 0.5% per month.
In my opinion the statute does not permit enactment of an ordinance which would have retroactive effect. The penalty can only be applied prospectively. The number of months since the date the tax first became delinquent and which had accrued prior to the date of enactment of the ordinance cannot be utilized for purposes of computing the penalty. In State v. Joe Must Go Club,270 Wis. 108, 115, 70 N.W.2d 681, 684 (1955), it is stated: "In any event, we are dealing with a penal statute and this court has often stated that statutes imposing penalties must be strictly construed and doubtful questions thereunder are to be resolved favorably to those from whom the penalties are sought to be recovered." In United States Fire Ins. Co. v. E.D. Wesley Co.,105 Wis.2d 305, 319, 313 N.W.2d 833, 840 (1982), it is stated:
 The general rule in Wisconsin is that legislation is presumptively prospective unless the statutory language clearly reveals either expressly or by necessary implication an intent that the statute apply retroactively. State v. ILHR Department, 101 Wis.2d 396, 403, 304 N.W.2d 758 (1981), citing Hunter v. Sch. Dist. Gale-Ettrick-Trempealeau, 97 Wis.2d 435, 442-43, 293 N.W.2d 515 (1980).
 This court recently reiterated: "The general rule of statutory construction is that statutes are to be construed as relating to future and not to past acts." Gutter v. Seamandel, 103 Wis.2d 1, 17, 308 N.W.2d 403 (1981). *Page 75 
The court has held that legislation providing for penalties and interest with respect to the collection of delinquent taxes should not be applied retroactively where the Legislature did not expressly so provide. See discussion in Munkwitz R. I. Co. v.Diederich Schaefer Co., 231 Wis. 504, 507, 286 N.W. 30, 31
(1939).
The Legislature did leave the date of January 1, 1982, in paragraph (b) when it amended former section 74.80(2). This office has previously construed the predecessor statute, which contained substantially the same language within the same sentence and which included that date, as not permitting retroactive imposition of the penalty. 71 Op. Att'y Gen. 189 (1982). The date is used immediately after the words "that become
overdue on or delinquent on or after." Become is a linking verb and is used in the statute in its present tense rather than in the past tense, "became" or "have become." Section 990.001(3) provides that in the construction of statutes, "the present tense of a verb includes the future when applicable. The future perfect tense includes the past and future tenses." The language used in1983 Wisconsin Act 27 which amended section 74.80(2) contains no language evidencing an intent on the part of the Legislature that an ordinance could impose a penalty on a retroactive basis. The final result of the legislation is that penalties on overdue taxes which do not remain overdue for long periods may well be less than the one time six percent penalty formerly permitted. However, where a proper ordinance is passed and becomes effective, penalties may exceed the six percent figure where the period of delinquency extends over many months or years. In my opinion the statute does not permit nor did the Legislature intend that this cumulative effect of the penalty could be retroactively applied to the date in some year past on which the taxes first became overdue, whether that date be in 1975, 1976, 1977, 1978, 1979, 1980, 1981 or even on or after January 1, 1982, which was previous to the enactment of the ordinance.
BCL:RJV *Page 76