744 P.2d 164

**Lucy ROMERO, Plaintiff–Appellant,**

v.

**MERVYN'S and Dennis Wulff, Defendants–Appellees.**

No. 17153.

Supreme Court of New Mexico.

Oct. 6, 1987.

Klecan & Santillanes, Janet Santillanes, Albuquerque, for plaintiff-appellant.

Michael P. Watkins, Albuquerque, for defendants-appellees.

## OPINION

SOSA, Senior Justice.

Plaintiff-appellant, Lucy Romero (Romero), appeals the judgment of the trial court in favor of defendants-appellees, Mervyn's and Dennis Wulff. In a two-count complaint Romero alleged: (Count one) that Mervyn's was negligent in not controlling crowds in its retail department store and that as a result of this negligence, she was injured by falling down an escalator; (Count two) that Mervyn's was bound by the promise of its operations manager, Wulff, who allegedly told Romero that Mervyn's would pay for any medical bills related to her fall. The trial court granted defendants' motion for summary judgment as to count two. Prior to trial Romero tendered testimonial evidence of Wulff's statement that Mervyn's would pay Romero's medical bills. The court ruled that it would not allow such testimony into evidence. The jury returned a verdict in favor of defendants as to count one. Romero moved for a new trial, but her motion was denied. On January 27, 1986, the court entered judgment on the verdict. Romero appeals the judgment as to count one and the summary judgment as to count two. We reverse in part and affirm in part.

**THE ISSUE RAISED BY THE SUMMARY JUDGMENT.**

The circumstances surrounding Romero's fall from Mervyn's escalator are not disputed, nor are they relevant here. The only dispute concerns Romero's allegation that Mervyn's operations manager, Dennis Wulff, told her and her daughter, in the daughter's words, "If you need any medical care, just let us know." The daughter also testified that on a second occasion Wulff told her, "When she does go to the

doctor, have them send the bills to Mervyn's." Wulff explicitly denied making any statement in which he offered on Mervyn's behalf to pay Romero's medical expenses. Immediately before trial began the trial court granted defendants' motion for summary judgment as to count two of the complaint, stating as follows: "I am going to assume he made a promise to pay, but authority to make such a promise on behalf of Mervyn's has been denied. The agent acted without authority. It doesn't bind the principal."

■ We disagree with the trial court's ruling. In stating that the agent acted without authority, the trial court ruled on a disputed factual matter which Romero was entitled to have the jury consider. "The issue of [an agent's] authority generally, whether actual or apparent, is usually one of fact." *Pribble v. Aetna Life Ins. Co.*, 84 N.M. 211, 215, 501 P.2d 255, 259 (1972). Here Romero contested the very fact which the trial court deemed concluded—namely, whether or not Wulff was acting within his authority to bind Mervyn's to the purported promise. "A principal is bound by the actions taken under the apparent authority of its agent if the agent is in a position which would lead a reasonably prudent person to believe that the agent possessed such apparent authority." *Tabet v. Campbell*, 101 N.M. 334, 337, 681 P.2d 1111, 1114 (1984). The jury should have been permitted to consider whether a reasonably prudent person would have been led to believe that Wulff possessed apparent authority to bind Mervyn's to pay Romero's medical expenses. Accordingly, we reverse the summary judgment, and remand the case to the trial court with instructions to conduct a trial on the issues raised in count two of the complaint.

**THE ISSUE RAISED BY THE COURT'S EXCLUSION OF TESTIMONY AS TO WULFF'S PURPORTED OFFER.**

■ Prior to trial on count one, the court excluded testimony as to Wulff's purported offer, stating, "[t]here's two rules, 408 and 409. 409 provides that evidence of furnishing or offering or promising to pay medi-

cal, hospital or similar expenses occasioned by injury is not an admission of the liability for the injury. 408 is along the same line * * * * You're offering to prove it circumstantially, but you've got a direct admission. So I am holding it out. Let's bring in the jury." The trial court correctly relied on SCRA 1986, 11–408 and 409 (known as Rules of Evidence 408 and 409).

Rule 408 prohibits "[e]vidence of * * * furnishing or offering or promising to furnish * * * a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount." Such evidence is inadmissible "to prove liability for or invalidity of the claim or its amount * * * * This rule * * * does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness * * * * *" Rule 409 states, "Evidence of furnishing or offering or promising to pay medical, hospital or similar expenses occasioned by an injury is not admissible as an admission of liability for the injury." The correct procedure here would have been for the trial court to have admitted Romero's testimony as to Wulff's statement, and to have issued a caution to the jury to consider the testimony only insofar as it applied to count two. Since, however, the jury has now decided in defendant's favor as to count one, such a caution on retrial would be pointless. On retrial as to count two, Romero may introduce evidence of Wulff's statement for the purpose of establishing that Wulff had actual or apparent authority to bind Mervyn's to pay Romero's medical expenses. The judgment as to count one is affirmed. The summary judgment is reversed, and the case is remanded for a trial on the issues raised in count two of the complaint.

IT IS SO ORDERED.

STOWERS and RANSOM, JJ., concur.