**In re William Dennis NORTON, Susan Rae Norton, Debtors.**

**Bankruptcy No. 82–04631.**

United States Bankruptcy Court, E.D. Wisconsin.

Aug. 31, 1987.

Michael M. Hayes, Milwaukee, Wis., for debtors.

Thomas P. Farley, Waukesha, Wis., for Waukesha County.

## DECISION

D.E. IHLENFELDT, Bankruptcy Judge.

On December 27, 1982, the debtors filed a petition under chapter 13 of the Bankruptcy Code. Their schedules listed Waukesha County as a priority creditor for unpaid real estate taxes on their home in the amount of $933 (presumably 1981 taxes). On March 22, 1983, an order was entered confirming the debtors' plan, which provided for 100% payment to priority creditors. Waukesha County did not file a claim.[1]

On or about March 1, 1984, the County Treasurer mailed the debtors a statement showing their outstanding real estate taxes for the years 1981, 1982 and 1983. The statement revealed to the debtors that Waukesha County was not receiving payments from the trustee and that penalty assessments had been added to the amounts owing for taxes and interest. It is those penalty assessments which are now in issue.

On July 5, 1984, a proof of claim, signed by the Waukesha County Treasurer, was filed for 1981 and 1982 real estate taxes in the sum of $1,757.49 plus interest of $367.69. The claim was filed by the debtors' attorney, pursuant to § 501(c) of the Code, in order to start payments flowing from the trustee to Waukesha County, and as a procedural move to the end of challenging the penalty assessments.

On the same date, July 5, 1984, the debtors moved for an accounting regarding taxes owing and to strike the penalty portion of the claim. When it became clear at a hearing on the motion that the proof of claim did not include a penalty assessment but was for taxes and interest only, that issue was dropped. The claim was allowed as filed, and provision was made for the trustee to make payments on the claim.

Thereafter, the debtors received another tax statement from Waukesha County dated October 1, 1985 as follows:

| Year | Tax | Interest | Penalty | Total |
|------|--------|----------|---------|----------|
| 1981 | 261.02 | 120.07 | 60.03 | 441.12 |
| 1982 | 890.25 | 302.69 | 151.34 | 1,344.28 |

The debtors do not dispute the amounts shown for taxes and interest, but they have moved to hold the Waukesha County Treasurer in contempt for attempting to assess the penalties for late payment, and to strike the penalty portion of the real estate tax statement. Following a hearing on the motion, the court declined to hold the County Treasurer in contempt, but took under advisement the issue with respect to the penalty for late payment.

Following is a chronological listing of events bearing on the issue before the court:

---

1. Apart from a few recently enacted exceptions, there is no personal liability in Wisconsin for real estate taxes. The taxes run only against the real estate. Whether or not that is the reason, it is the court's experience that whereas chapter 13 debtors sometimes provide for payment of real estate taxes through their plan, taxing authorities in Wisconsin almost never file claims for real estate taxes in chapter 13 cases. In such cases, the debtor commonly files a claim, pursuant to § 501(c), to insure that the trustee makes regular payments to the taxing authority.

| | |
|---|---|
| 4/16/82 | Effective date of Wis.Stats. § 74.80(2) authorizing counties to impose 6% penalty on delinquent real estate taxes. |
| 12/27/82 | Chapter 13 filed. |
| 1/1/83 | Waukesha County ordinance enacted in accord with state law |
| 3/22/83 | Chapter 13 plan confirmed with provision for tax claim. |
| 7/2/83 | Effective date of amendment to § 74.-80(2) authorizing imposition of .5% per month penalty on delinquent real estate taxes. |
| 8/16/83 | Waukesha County ordinance enacted in accord with 7/2/83 amendment of the state law. |

This case could qualify as a candidate for inclusion in a law school exam because of the interplay of the various bankruptcy rules and principles that are involved, but in the final analysis it is controlled by sections 362 and 1325 of the Bankruptcy Code.

The parties have devoted much argument to the question of whether the penalty assessment is in fact interest or a penalty. That subject is discussed in 3 *Collier on Bankruptcy*, p. 387 (14th ed.). A related question is whether the 1982 real estate taxes constitute a prepetition claim or a postpetition administrative expense.[2] The interest vs. penalty debate might be moot as to the 1982 taxes if they are an administrative expense. Section 503(b)(1)(C) expressly provides that penalties are allowable as an administrative expense if they relate to taxes which qualify as an administrative expense, and, although not free from doubt, *In re St. Louis Freight Lines, Inc.*, 45 B.R. 546, 549 (Bankr.ED MI 1984), interest on such taxes has also been allowed as an administrative expense. *In re Friendship College*, 737 F.2d 430 (4th Cir. 1984).

Wis.Stats. § 70.01 provides that real estate taxes are levied when the tax roll is

2. The 1981 taxes are clearly a prepetition claim.

delivered to the local treasurer, and when so levied, they become a lien on the property effective as of January 1 in the year when levied. The clerk of the taxation district prepares the tax roll (Wis.Stats. § 70.65(1)), and is required to deliver the tax roll to the treasurer on or before the third Monday in December. Wis.Stats. § 70.68(2). The third Monday in December, 1982 fell on December 20, 1982, and the chapter 13 petition was filed December 27, 1982. Thus, both the 1981 and 1982 taxes represent prepetition claims, and they are secured by prepetition statutory liens against the real estate.

Under the old Bankruptcy Act, penalties were not allowable on prepetition tax claims, even when secured by liens. 3 *Collier on Bankruptcy* p. 384 (14th ed.). No contention is made that this changed with the adoption of the Code, but the county argues that the penalty assessment here in question is in point of fact interest.

The 6% penalty assessment accrues on top of the normal 12% interest charges on delinquent real estate taxes, and Waukesha County contends that "by operation of law [it] becomes a lien on the estate of the debtor...." Although it is called a penalty, it continues to accrue on unpaid delinquent real estate taxes like interest, decreases proportionately as payments are made, and ceases entirely when the taxes are fully paid.

At the time these laws and ordinances were enacted, interest rates were high and the 18% total was commensurate with the market rate of interest. The purpose of the penalty was to discourage people from allowing their taxes to become delinquent, and putting their money instead into an investment at the higher market rate of interest.

Assuming the penalty assessment is in fact interest, the question arises as to whether postpetition interest can be paid on a prepetition secured tax claim. Under the old Act, with respect to consensual liens, case law allowed payment of postpetition interest on an allowed secured claim to the extent the collateral exceeded the amount of the claim. 3 *Collier on Bankruptcy* ¶ 506.05, p. 506–38 (15th ed.). The Court of Appeals for this circuit, in an Act case, distinguished cases allowing postpetition interest to creditors who held consensual liens, and ruled that where the secured status is the result of a statutory lien, the creditor is not entitled to postpetition interest. *In re Kerber Packing Co.,* 276 F.2d 245, 247 (7th Cir.1970).

There is a split in authority as to whether § 506(b) codifies such prior case law or instead permits payment of postpetition interest to an oversecured statutory lien claimant 3 *Collier* (15th ed.) supra, p. 506–41. No cases have been found in this circuit dealing with the question. The legislative history of § 506(b) is detailed in *Unsecured Creditors' Committee v. Walter E. Heller & Co.,* 768 F.2d 580 (4th Cir.1985), and the subject is discussed in an article entitled, "Taxing Authorities, Section 506(b) and the 'Curious Comma.'" 61 Am. Bankr.L.J. 275.

In this case § 362 of the Code makes it unnecessary to decide whether the penalty assessments constitute interest or penalties. §§ 362(a)(4), (5) and (6) stay "all entities" from any act creating a lien against property of the estate, any act creating or enforcing a lien against property of the debtor to the extent the lien secures a claim that arose before the commencement of the case, and any act to collect a claim against the debtor that arose before the commencement of the case. This automatic stay applies to governmental units such as Waukesha County. § 101(14) of the Code.

The automatic stay of § 362 arose on December 27, 1982 when the chapter 13 case was filed. The ordinances creating the penalties were not enacted by Waukesha County until January 1, 1983 and August 16, 1983. The county is stayed by virtue of § 362 from applying them to the prepetition 1981 and 1982 tax claims, although it is apparently free to apply them to postpetition taxes, *In re Friendship College,* supra.

Like most Wisconsin taxing authorities at the present time, Waukesha County is completely computerized, and throughout this chapter 13 case, the county's computer has continued to accrue interest on the debtors' 1981 and 1982 taxes at the 12% statutory rate. As noted earlier, the debtors have not disputed these charges, reflecting the fact that the issue of postpetition interest on oversecured prepetition statutory lien claims is of less concern in chapter 13 cases. The reason for this is § 1325(a)(5)(B)(ii).[3]

Section 1325(a)(5)(B)(ii) requires that secured claimants in chapter 13 cases receive, as of the effective date of the plan, the present value of their allowed secured claims. It thus mandates the payment of interest on *all* secured claims, whether consensual or statutory, at a rate that best reflects the present value of the payments

---

**3.** § 1325(a)(5)(B)(ii) "... the court shall confirm a plan if ... with respect to each allowed secured claim provided for by the plan ... the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; ..."

to be made under the plan. 3 *Collier* (15th ed.), supra, p. 506–44, 45. This is usually referred to as the "market rate."

The debtors could have raised the issue of whether the regular 12% interest charge should have been permitted to accrue between the date the chapter 13 petition was filed and the effective date of the plan, and they or the county could have asked the court to find that § 1325(a)(5)(B)(ii) required a rate of interest during the life of the plan other than the 12% statutory rate. Both the county and the debtors were no doubt motivated by the fact that the difference in dollars, if any, would be small, and that it would be extremely costly for the county to reprogram its computer with a different interest rate for only one property, and then only for the two years in question, 1981 and 1982.

On the facts of this case, Waukesha County is stayed by § 362 from attempting to collect the penalty assessments on the debtors' 1981 and 1982 real estate taxes while this case is pending. In addition, if the debtors complete payment of the principal and interest of these taxes as provided in their plan and obtain a discharge under § 1328(a) of the Code, the county will be barred by the discharge from any effort thereafter to collect the penalty assessments on the 1981 and 1982 taxes.

This decision shall stand as and for findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.