**In re Curtis E. KLEFSTAD, Joanne R. Klefstad, Debtors.**

**In re CIRCLE P. FARMS, INC., Debtor.**

**In re Larry J. LENTZ, Judith P. Lentz, Debtors.**

**In re LENTZ FARMS, INC., Debtor.**

**Bankruptcy Nos. EU11–85–02429, EU11–86–00456, EU11–86–00153 and EU11–86–00154.**

United States Bankruptcy Court, W.D. Wisconsin, Eau Claire Division.

July 22, 1988.

L.R. Reinstra, Reinstra, VanDyk & Needham, New Richmond, Wis., for debtors.

Pamela J. Kahler, Menomonie, Wis., for Dunn County.

Susan M. Zabel, Barron, Wis., for Barron County.

## MEMORANDUM OPINION, FINDINGS OF FACT AND CONCLUSIONS OF LAW

THOMAS S. UTSCHIG, Bankruptcy Judge.

The identical issue is presented in all four of the above-captioned bankruptcy cases. The debtors by their attorney, L.R. Reinstra, have brought motions pursuant to 11 U.S.C. §§ 502 and 505 requesting the Court to determine the status of real estate

tax penalties in their respective Chapter 11 bankruptcy cases. Specifically, the debtors ask the Court to disallow the imposition of postpetition real estate tax penalties. The taxing authorities Dunn County and Barron County appear by their attorneys Pamela J. Kahler and Susan M. Zabel, respectively, and contend that the tax penalties should be allowed. The parties have submitted the issues to the Court for determination through briefs.

In Wisconsin, all real estate taxes levied on a parcel of land become a lien on the parcel of land. Wis.Stat. § 74.01.[1] Interest is assessed on overdue or delinquent real estate taxes at a rate of one percent per month. Wis.Stat. § 74.80(1).[2] It is further provided that counties or cities may by ordinance impose a *penalty* of up to 0.5% per month in addition to the interest on the overdue or delinquent real estate taxes.[3] It is not disputed that, absent the bankruptcy, the real estate tax interest, and

penalty assessments would become a lien on the real estate under § 74.01 of the Wisconsin Statutes.[4] "When a bankruptcy [is] filed, however, the priority of liens as set forth by Congress in the Bankruptcy Code governs." *In re Cropper Co.*, 63 B.R. 874, 876 (Bankr.M.D.Ga.1986). "[The] Bankruptcy Code governs in determining the priority of liens in [a] bankruptcy case." *In re Hirsch–Franklin, Enterprises, Inc.*, 63 B.R. 864, 868 (Bankr.M.D.Ga. 1986).

It is clear that the prepetition real estate taxes, interest, and penalties to the date a Chapter 11 petition is filed all constitute liens against the real estate. 11 U.S. C. § 502(b). It is well established that postpetition interest on prepetition real estate taxes and postpetition real estate taxes and interest act as a lien against the real estate on which they are assessed. *Maryland Nat'l. Bank v. Mayor & City of Baltimore*, 723 F.2d 1138 (9th Cir.1983); *In re*

---

**1.** 74.01 Lien of taxes on land, and on timber; levy. All taxes levied upon any tract or parcel of land and all costs, charges and interest thereon shall be a lien thereon until paid except as otherwise provided by law; and all costs and expenses which shall accrue jointly or in the aggregate on two or more tracts or parcels shall be apportioned in equal parts upon such several tracts or parcels; and all taxes levied upon any lands and all costs, charges and interest thereon shall also be a lien on all logs, wood and timber cut upon such lands susbsequent to the first day of January in the year in which such taxes are levied; and it shall be the duty of the town treasurer, or if such taxes be returned uncollected, of the county treasurer, to pursue and levy upon such logs, wood or timber, wherever the same may be, and collect such tax by distress and sale of the same in the manner provided by law for the distress and sale of personal property for the payment of taxes.

History: 1977 c. 29 s. 1646(3)

**2.** 74.80 Interest and penalty on overdue and delinquent taxes.

(1) The interest rate on overdue or delinquent real estate taxes, personal property taxes and special assessments is one percent per month or fraction of a month.

(2)(a) The board of any county or the city council of any city authorized by law to collect and sell its own taxes may by ordinance impose a penalty of up to 0.5% per month or fraction of a month, in addition to the interest under sub. (1), on any overdue or delinquent real estate taxes and special assessments. The governing

body of any city, village or town may, by ordinance, impose a penalty of up to 0.5% per month or fraction of a month, in addition to the interest under sub. (1), on any overdue or delinquent personal property taxes.

(b) Any ordinance enacted under par. (a) may specify that the penalty under this subsection shall apply to any real estate taxes and special assessments, or to any personal property taxes, that are overdue or delinquent on the effective date of the ordinance. The ordinance may specify that the penalty under this subsection shall apply to any real estate taxes and special assessments, or to any personal property taxes, that become overdue or delinquent on or after January 1, 1982. The ordinance may specify that any or all of the real estate taxes and special assessments on an owner-occupied residence or farm is not subject to the penalty under this subsection. The ordinance may specify that the county treasurer shall exclude the additional revenue generated by the penalty from the distributions required by ss. 74.03(7) and 74.-031(12)(c) and (d).

**3.** See footnote 2 above.

**4.** The Court notes *en passant* that the word "penalty" is conspicuously absent in § 74.01 of the Wisconsin Statutes. However, case law suggests that the penalty may become a lien on the land along with the tax and interest. *Munkwitz Realty and Investment Company v. Diederich Schaefer Co.*, 231 Wis. 504, 286 N.W. 30 (1939); *Westby v. Bekkedal*, 172 Wis. 114, 178 N.W. 451 (1920).

*Stanford,* 826 F.2d 353 (5th Cir.1987).[5] Hence, the only issue remaining is how to treat the postpetition penalty on the prepetition real estate taxes and the penalty on the postpetition real estate taxes.

■■■■ Penalties are not in harmony with the overall philosophy of the Bankruptcy Code which is to effectuate a fair and equitable distribution of the assets of the estate to creditors. *In re Tastyeast, Inc.,*

126 F.2d 879 (3rd Cir.1942). A penalty is discordant with this philosophy because it serves the function of preferring one creditor at a detriment to other creditors of the estate. "A bankruptcy court is essentially a court of equity and will therefore not enforce a penalty." Id. at 881. The Court notes that oversecured creditors are generally allowed interest on their claims but they are not allowed penalties. 11 U.S.C.

5. Generally, § 362(a)(4) of the Bankruptcy Code "operates as a stay, applicable to all entities, of ... any act to *create,* perfect, or enforce any lien against property of the estate." (emphasis added) 11 U.S.C. § 362(a)(4). This stay also "prevents taxing authorities from asserting liens against [property] in order to insure or compel payment of post-petition taxes." *In re Trowbridge,* 74 B.R. 484 (Bankr.E.D.Pa.1987); *In re Carlisle Court, Inc.,* 36 B.R. 209 (Bankr.D.C. 1983).

An exception to § 362(a)(4) is created in § 362(b)(3) of the Bankruptcy Code:

(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), does not operate as a stay—

(3) under subsection (a) of this section, of any act to *perfect* an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title or to the extent that such act is accomplished within the period provided under section 547(e)(2)(A) of this title; (emphasis added)

11 U.S.C. § 546(b) provides:

(b) The rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any generally applicable law that permits *perfection* of an *interest in property* to be effective against an entity that acquires rights in such property before the date of such perfection. If such law requires seizure of such property or commencement of an action to accomplish such perfection, and such property has not been seized or such action has not been commenced before the date of the filing of the petition such interest in such property shall be perfected by notice within the time fixed by such law for such seizure or commencement. (emphasis added)

While these two sections allow creditors to *perfect* liens after the filing of a bankruptcy petition, they do not allow the creation of liens. *In re New England Carpet Co.,* 26 B.R. 934 (Bankr. D.Vt.1983):

[5] Section 362(a)(4) of the Code specifically stays *"any act to create,* perfect, or enforce any lien against property of the estate ..."* (emphasis supplied), upon the filing of the petition. In contrast, Section 362(b)(3) specifically excepted *"any act to perfect* an interest in property to the extent that the

trustee's rights and powers are subject to such perfection under section 546(b) ..." (emphasis supplied). While there should be no doubt that Section 362(b)(3) excepts the *perfection* of certain liens, it is manifestly as clear that *creation,* as opposed to *perfection,* is not excepted.

*Id.* at 939.

[3, 4] Section 362(a)(4) stays acts to "create, perfect or enforce" a lien. In contrast, subsection (b)(3) only provides an exception for acts "to perfect" liens. It is through a comparison of these two subsections that the court finds that in order for acts to perfect a lien to be excepted from the automatic stay, a creditor's underlying interest must be created prior to the petition.

*In re North Side Lumber Co.,* 59 B.R. 917, 921 (Bankr.D.Or.1986). However, the imposition of an *in rem* real estate tax may merely be a perfection of a pre-existing interest in the real estate that the taxing entity already possessed. *In re Electric City, Inc.,* 43 B.R. 336, 343 (Bankr. W.D.Wash.1984).

Where, however, immovable and ever present real estate is at issue, the State's interest in the property for the purposes of real estate taxation is a very real and not-to-be-doubted interest that pre-exists a petition in bankruptcy. The imposition of the lien representing the taxes due for any given tax year is but the manifestation, or perfection, of that underlying interest.

*Maryland Nat'l. Bank v. Mayor & City Council of Baltimore,* 723 F.2d 1138 (4th Cir.1983). Real estate taxes directly benefit the property to which they are assessed by providing for certain services with respect to such property as in protection from vandalism and maintenance of streets and roads. They further indirectly benefit the property by the general benefit of the community for which the taxes are used. *Id.* Accordingly, real estate taxes are not stayed from being a lien on property of the estate. *In re Stanford,* 826 F.2d 353 (5th Cir.1987). To the extent interest or penalties are not punitive, they also may become a lien on real estate to the extent provided under state law. However, punitive interest and penalties may not become a postpetition lien on real estate, because they do not benefit the property or the bankruptcy estate and are a direct detriment to creditors.

**626**

§ 506(b) [6]. However, the Code does allow for an administrative expense priority for any penalty relating to "... any tax incurred by the estate, except a tax of a kind specified in section 507(a)(7) of this title;" 11 U.S.C. § 503(b)(1)(B). See *In re Bergin Corp*, 77 B.R. 210 (Bankr.E.D.Wis.1987), and *Matter of Patch Press*, 71 B.R. 345 (Bankr.W.D.Wis.1987). Accordingly, the Court does allow the postpetition penalty on postpetition tax as an administrative expense.

 The counties argue that the imposition of the tax penalty is actually another form of interest and not punitive in nature. They cite *In re Norton*, 77 B.R. 682 (Bankr.E.D.Wis.1987), in support of this proposition. This reliance on *Norton* is misplaced. In *Norton* the ordinances creating the penalties were not enacted until after the filing of the debtor's Chapter 13 bankruptcy petition and the counties were stayed from imposing penalties on prepetition taxes.

There is a presumption that penalties assessed on tax deficiencies are punitive and the taxing entity must show otherwise in order to rebut this presumption. *In re Patco Photo Corp.*, 82 B.R. 192 (Bankr.E.D.N.Y.1988). When a taxing entity assesses both penalties and interest it is unlikely that a compensatory role is provided by both the penalty and the interest. *In re Hirsch–Franklin, Enterprises, Inc.*, 63 B.R. 864, 873 (Bankr.M.D.Ga.1986); see also *In re New England Carpet Co.*, 26 B.R. 934 (Bankr.Vt.1983). In the case at hand it appears that the imposition of a penalty of 6% on top of interest of 12% is punitive. In any event, the taxing entities have not provided sufficient argument to rebut the presumption that the penalties are in fact punitive.

In conclusion, generally there is no personal liability for real estate taxes in Wisconsin.[7] Instead, real estate taxes act as a lien upon the property against which they are assessed, superior to all other liens. Under state law the interest and penalties associated with the real estate tax would also become a lien on the property. After a bankruptcy petition is filed, the Bankruptcy Code provides a different system of priority. The real estate taxes and interest represent a benefit to the property and the estate, and the Bankruptcy Code allows for the perfection of the counties' pre-existing interests in the real estate to this extent while treating penalties on qualified taxes as an administrative expense. However, the postpetition penalty on the prepetition tax is punitive in nature. The Bankruptcy Code does not allow for the imposition of this penalty because it would deprive other creditors of their fair share.

This decision shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

---

**6.** As to the various legal theories allowing postpetition interest to secured creditors on prepetition claims under 506(b), see Stevenson, *Taxing Authorities, Section 506(b) and the Curious Comma*, 61 American Bankruptcy Law Journal 275 (1987).

**7.** However, Wis.Stat. 74.58(2) states:

A 1st class city may proceed against real property, the property owner or both to collect delinquent real estate taxes and other costs.