**RESOLUTION TRUST CORPORATION,** as Conservator for American Federal Savings and Loan Association of Colorado, Plaintiff–Appellee,

v.

**Sharon SHIPLEY, El Paso County Treasurer, and The Board of County Commissioners of El Paso County, Defendants–Appellants.**

No. 89CA1930.

Colorado Court of Appeals,
Div. A.

Nov. 8, 1990.

As Modified on Denial of Rehearing
Dec. 13, 1990.

Certiorari Denied May 6, 1991.

Hecox, Tolley, Keene & Beltz, P.C., Lawrence A. Hecox, Ann S. Irwin, Colorado Springs, for plaintiff-appellee.

Kathryn L. Schroeder, Denver, for defendants-appellants.

Opinion by Chief Judge STERNBERG.

In this declaratory judgment action, the sole issue on appeal is whether the defendants, Board of County Commissioners of El Paso County (Board) and others, are entitled to collect penalty interest, pursuant to § 30–20–615, C.R.S. (1986 Repl.Vol. 12A), from American Federal Savings and Loan Association (American Federal), on the tax assessments of two local improvement districts. After the action was commenced the Resolution Trust Corporation was appointed as receiver for American Federal and was substituted as the plaintiff. Thereafter, the trial court granted plaintiff's motion for summary judgment holding that American Federal was not liable for the penalties. We affirm.

American Federal was the mortgage lender on certain real properties within two local improvement districts. The improvement districts were created by the Board pursuant to § 30–20–601, et seq., C.R.S. (1986 Repl.Vol. 12A). American Federal secured the mortgages with public trustee's deeds to the properties.

While the loans were outstanding, the districts made improvements within the districts and issued bonds to finance the improvements. The cost of these improvements was assessed against all of the properties within the districts in accordance with § 30–20–607 through § 30–20–609, C.R.S. (1986 Repl.Vol. 12A). American

Federal's mortgagor was permitted to pay its share of the costs in installments.

Thereafter, American Federal's mortgagor filed a petition under Chapter 11 of the United States Bankruptcy Code. The case was later converted to one under Chapter 7. Then, almost a full year after the bankruptcy filing, the bankruptcy trustee reached an agreement with American Federal. Under this agreement, the trustee lifted the automatic stay with respect to the properties and permitted American Federal to receive the public trustee's deeds in lieu of foreclosure.

Prior to reaching this agreement, and while the automatic stay was in effect, three improvement district tax installments accrued. Because there were insufficient funds in the bankruptcy estate to pay these installments, the amount of principal owed began to draw interest as authorized by § 30–20–615, C.R.S. (1986 Repl.Vol. 12A).

When American Federal acquired the public trustee's deeds to the properties, it paid the delinquent tax installments along with the interest which had accrued. However, the Board demanded that American Federal also pay an additional amount as a penalty because of the untimely payment. In making this demand, the Board relied on § 30–20–615, C.R.S. (1986 Repl.Vol. 12A), which permits it to collect penalty interest from an owner who has defaulted on improvement district tax installments, and on § 30–20–610(1), C.R.S. (1986 Repl.Vol. 12A), which provides that all improvement district tax assessments constitute a perpetual lien on the property. Based on these statutes, the Board claimed that American Federal, as successor in interest, took the property subject to a lien for the penalty interest which it could have imposed against American Federal's mortgagor.

American Federal requested the Board to waive the penalties, but the Board refused. Then, American Federal brought this action seeking a declaration that it is not liable for penalty interest.

Section 30–20–615, C.R.S. (1986 Repl.Vol. 12A) provides:

"Failure to pay any [special assessment] installment ... when due shall cause the whole of the unpaid principal to become due and collectible immediately, and the whole amount of the unpaid principal and accrued interest shall thereafter draw interest at the rate established pursuant to § 5–12–106(2) and (3), C.R.S., until the day of sale; but at any time prior to the day of sale, the owner may pay the amount of all unpaid installments, with interest at the penalty rate set by the assessing resolution, and all costs of collection accrued and shall thereupon be restored to the right thereafter to pay in installments in the same manner as if default had not been suffered."

Section 30–20–610(1), C.R.S. (1986 Repl. Vol. 12A) provides:

"All assessments made in pursuance of this part 6, together with all interest thereon and penalties for default in payment thereof, and all costs in collecting the same shall constitute, from the effective date of the assessing resolution, a perpetual lien in the several amounts assessed against each lot or tract of land and shall have priority over all other liens excepting general tax liens."

■ The mortgagor owned the properties when the initial tax assessments were made. As such, it is undisputed that the mortgagor could be subjected to an assessment of penalty interest under § 30–20–615 for any untimely payments. Further, absent the bankruptcy, such assessment would become a lien on the property pursuant to § 30–20–610(1). However, the tax installments at issue became due during the time the trustee in bankruptcy held this property. Therefore, the Bankruptcy Code governs in determining this issue. *See In re Klefstad*, 95 B.R. 622 (Bankr.W.D.Wisc. 1988).

Interest is imposed as a means of compensation, whereas penalties are imposed as a means of punishment. *See United States v. Childs*, 266 U.S. 304, 45 S.Ct. 110, 69 L.Ed. 299 (1924); *In re Denver & R.G. W.R. Co.*, 27 F.Supp. 983 (D.Colo.1939). As such, "[p]enalties are not in harmony with the overall philosophy of the Bankruptcy Code which is to effectuate a fair and equitable distribution of the assets of the estate to creditors." *In re Klefstad, supra.*

Penalties "serve not to punish the delinquent taxpayers, but rather their entirely innocent creditors." *In re Parr Meadows Racing Ass'n*, 92 B.R. 30 (E.D.N.Y.1988), reversed in part on other grounds, *In re Parr Meadows Racing Ass'n*, 880 F.2d 1540 (2nd Cir.1989), (*quoting Simonson v. Granquist*, 369 U.S. 38, 82 S.Ct. 537, 7 L.Ed.2d 557 (1962)). And, since "[a] bankruptcy court is essentially a court of equity [it] will therefore not enforce a penalty." *In re Tastyeast, Inc.*, 126 F.2d 879 (3d Cir.1988).

"There is a presumption that penalties assessed on tax deficiencies are punitive and the taxing entity must show otherwise in order to rebut this presumption." *In re Klefstad, supra.* "When a taxing entity assesses both penalties and interest it is unlikely that a compensatory role is provided by both the penalty and the interest." *In re Klefstad, supra.* And "[d]ebts owed to the government as a penalty or forfeiture cannot be recovered against a bankrupt estate unless the amount owed reflects an actual pecuniary loss." *In re Parr Meadows Racing Ass'n, supra.*

■ Here, the initial improvement district taxes were assessed before the mortgagor filed a petition for relief under the Bankruptcy Code. As such, they were pre-petition tax assessments. The installments on these pre-petition tax assessments did not accrue until after the filing of the bankruptcy petition. The Board seeks to assess penalties on these post-petition installments. This is in reality an attempt to assess post-petition penalties on pre-petition tax assessments. In *In re Klefstad, supra*, the court denied the County's right to collect penalty interest, under the same circumstances that exist in this case, because it found that the imposition of a "postpetition penalty on [a] prepetition tax is punitive in nature."

The Board has not produced any evidence indicating that the penalties were assessed for any reason other than as pun-

ishment for failure to pay the tax installments in a timely manner during the time the property was held by the trustee in bankruptcy. Under these circumstances, to allow the Board to assess penalty interest against American Federal's mortgagor would be to give a preference to the Board's claim over that of other creditors, contrary to the philosophy of the Bankruptcy Code. *See In re Klefstad, supra.*

We hold that the Board could not assess penalty interest on the post-petition tax installments against American Federal's mortgagor. It thus follows that the Board could not assess penalty interest against American Federal, as successor in interest of the mortgagor.

Judgment affirmed.

NEY and DAVIDSON, JJ., concur.