**In re Bruce G. SCHNEIDER and Kathleen P. Schneider, Debtors.**

**Bankruptcy No. 92–25686–JES.**

United States Bankruptcy Court, E.D. Wisconsin.

Dec. 20, 1993.

---

7. See Footnote # 4 above.

Robert D. Dietz, Sheboygan, WI, for debtors.

Patricia Jones, Asst. Corp. Counsel, Sheboygan County, Sheboygan, WI, for Sheboygan County.

Thomas J. King, Oshkosh, WI, Chapter 13 Trustee.

## DECISION

JAMES E. SHAPIRO, Bankruptcy Judge.

This controversy deals with the extent of Sheboygan County's secured claim filed in this chapter 13 case. The issue has been presented on an objection to the claim by the debtors, Bruce and Kathleen Schneider. A Joint Stipulation of Issue and Facts together with briefs have been submitted to the court.

On September 8, 1992, the Schneiders filed their petition under chapter 13 of the Bankruptcy Code, and on November 5, 1992, the Schneiders' plan was confirmed. The plan provides for payment of all pre-petition arrearage on real estate taxes due to Sheboygan County on the Schneiders' home located in Sheboygan, Wisconsin. It also provides for creditors with allowed unsecured claims to receive "approximately 70%" of their claims from a fund created by payments from the Schneiders of $600 into the plan every two weeks over 36 months.

The amount of pre-petition real estate tax arrearage, which accrued during a period of 1988 through 1991, inclusive, is not in dispute. The parties have agreed that this amount, which includes principal, interest, and penalty, totals $13,958.15. The parties have also agreed that Sheboygan County holds an oversecured claim on the debtor's home and is also entitled to receive post-petition interest at the rate of 1% per month (12% per year). The only issue is whether Sheboygan County is also entitled to a post-petition penalty of 0.5% per month (6% per year) pursuant to Wis.Stat. § 74.47(2)(a), which provides as follows:

74.47 Interest and penalty on delinquent amounts. (1) INTEREST. . . .

(2) PENALTY ALLOWED. (a) Any county board and the common council of any city authorized to act under s. 74.87 may by ordinance impose a penalty of up to 0.5% per month or fraction of a month, in addition to the interest under sub. (1), on any delinquent general property taxes, special assessments, special charges and special taxes included in the tax roll.

Sheboygan County has an ordinance which provides for imposition of a penalty of 0.5% per month on delinquent real estate taxes. Sheboygan Co., Wis., Code of General Ordinances Ch. 91, § 91.01 (1990).

Under § 506(b) of the Bankruptcy Code, the holder of an oversecured claim is entitled to post-petition interest. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) declared that an oversecured creditor is entitled to post-petition interest, not only where provided for by agreement of the parties, but also where such creditor holds a non-consensual statutory lien, such as a tax lien. Several courts have since interpreted *Ron Pair* to mean that taxing units are not entitled to post-petition penalties as part of their secured claims. *In re Parr Meadows Racing Ass'n,* 880 F.2d 1540, 1549 (2d Cir. 1989); *In re Pointer,* 952 F.2d 82, 89–90 (5th Cir.1992); *Galveston Indep. Sch. Dist. v. Heartland Fed. Sav. and Loan Ass'n,* 159 B.R. 198, 203 (Bankr.S.D.Tex.1993); *In re California Wholesale Elec. Co.,* 121 B.R. 360, 367 (Bankr.C.D.Cal.1990).

In *In re Klefstad,* 95 B.R. 622 (Bankr. W.D.Wis.1988), Judge Utschig noted that "[p]enalties are not in harmony with the overall philosophy of the Bankruptcy Code which is to effectuate a fair and equitable distribution of the assets of the estate to creditors." 95 B.R. at 625. This court agrees with that observation. *In re Cassidy,*

983 F.2d 161 (10th Cir.1992), asserts that tax penalties are imposed at least in part as punitive measures against persons guilty of some fault or wrong and that such penalties should not be imposed when its effect is to punish entirely innocent creditors.

■ Wisconsin Statute § 74.47(2) is a penalty, pure and simple. Subsection (2) of § 74.47 is plainly labelled "penalty," in contrast to subsection (1), which is labelled "interest." "As a general rule, when statutory language is plain, there is no reason to examine other indicia of legislative intent." *Nupulse Inc. v. Schlueter Co.*, 853 F.2d 545, 548 (7th Cir.1988). Sheboygan County's efforts to re-label § 74.47(2) as "additional interest" are unpersuasive. In *In re Virtual Network Serv. Corp.*, 902 F.2d 1246 (7th Cir.1990), the IRS's attempt to re-characterize a tax penalty as a tax claim to avoid subordination under § 510(c)(1) of the Bankruptcy Code was rebuffed by the Seventh Circuit, which stated:

> The IRS's attempt to recharacterize the tax penalty as a tax claim in order to avoid subordination is not new but it has never succeeded nor do we conclude it should be successful here.

902 F.2d at 1249. Sheboygan County's reading of § 74.47(2) is contrary to its clear meaning. Furthermore, including the post-petition penalty as part of Sheboygan County's secured claim would be unfair to the general unsecured creditors. Inclusion of the post-petition penalty would increase the amount of Sheboygan County's secured claim and correspondingly decrease the amount of the remaining proceeds available for distribution to the general unsecured creditors. The Schneiders' plan, even if carried out without any payment to Sheboygan County of post-petition penalties, will only provide, at best, a partial payment to the allowed general unsecured creditors. That is why *In re Speciality Cartage, Inc.*, 115 B.R. 164 (Bankr. N.D.Ind.1989) and *In re Brentwood Outpatient, Ltd.*, 134 B.R. 267 (Bankr.M.D.Tenn. 1991), *aff'd*, 152 B.R. 727 (M.D.Tenn.1993), which are cited by Sheboygan County in its brief, are distinguishable. *Specialty Cartage* and *Brentwood* arose under chapter 11, and the courts concluded that allowance of post-petition penalties would punish the delinquent taxpayer debtors and not the innocent creditors. That would not be the result here. Sheboygan County's reliance upon *Munkwitz Realty & Inv. Co. v. Diedrich Schaefer Co.*, 231 Wis. 504, 286 N.W. 30 (1939), is also misplaced. Although *Munkwitz* held that a penalty is a part of the delinquent tax, it has no application in the case at bar because *Munkwitz* involved a state court receivership under § 128 of the Wisconsin Statutes, rather than a bankruptcy under Title 11 of the United States Code.

In *Wasserman v. City of Cambridge*, 151 B.R. 4 (D.Mass.1993), the district court ruled that a court must determine a rate of post-petition interest which treats all creditors fairly. In *Wasserman*, the court approved a federal judgment rate of 8.155%, rather than the Massachusetts statutory rate of 16%. It recognized that the Massachusetts statutory rate no longer reflected the prevailing market interest rates and that a post-petition interest rate should be flexible. *See also In re Laymon*, 958 F.2d 72, 75 (5th Cir.1992).

■ Wisconsin's pecuniary loss is measured by the 12% interest rate contained in § 74.47(1), which, by agreement of the parties, is being allowed as part of Sheboygan County's secured claim. To go further and tack on an additional 6% penalty, resulting in an aggregate interest rate of 18%, would be unconscionable in light of current market interest rates. When Wis.Stat. § 74.47(2) was enacted in 1981 authorizing counties to impose an annual 6% penalty on delinquent real estate taxes, times were far different from now. Interest rates were soaring then, and taxpayers were able to invest their money and obtain an interest rate on safe investments of more than 12%. There was a clear incentive for taxpayers not to timely pay their real estate taxes. *In re Norton*, 77 B.R. 682, 684 (Bankr.E.D.Wis.1987). In light of current market interest rates, the additional 6% annual penalty is a true penalty, rather than a form of "additional interest." The current market interest rate for a 30-year fixed mortgage on homes in the Sheboygan County area is approximately 7.5% to 7.75%. *Mortgage Watch*, Sheboygan Press, Dec. 5, 1993, at B16. Presently, the federal

judgment rate, based upon the most recent 52–week treasury bill interest rate, is 3.61%. Selected Interest Rates, Federal Reserve Statistical Release, December 13, 1993. The prime rate of interest, based upon the highest prime rate as published in The Wall Street Journal, is 6%. *Money Rates,* Wall Street Journal, Dec. 1, 1993, at C21. The current Internal Revenue Code rate for interest on delinquent taxes is 7%. Rev.Rul. 93–63, 1993–30 I.R.B. 40. Sheboygan County has placed an overly broad interpretation upon a footnote in *Virtual Network Serv.,* 902 F.2d at 1246, n. 1, to support its contention that the tax penalty in § 74.47(2) is compensatory in nature. The footnote asserts that where the amount of a tax penalty is greater than the amount of the delinquent tax, such penalty is considered a non-pecuniary loss. Sheboygan County reasons that the reverse must also be true—namely, that where a tax penalty is less than the delinquent tax, the tax penalty must be pecuniary. Carrying this logic to its extreme, if a delinquent real estate tax is $1,000 and the tax penalty is $999, the entire penalty would, under this rationale, constitute a pecuniary loss. Such reasoning leads to an absurd result.

Payment to Sheboygan County of its pre-petition tax arrearage in full with 12% post-petition interest is fair and equitable. The district court in *Wasserman* declared that an appropriate rate of post-petition interest should be tailored "so that creditors are protected but not enriched by an undeserved windfall, and so that debtors are held to their obligations, but not denied the dispensation they are entitled to in bankruptcy." *Wasserman v. City of Cambridge,* 151 B.R. 4, 6 (D.Mass.1993). Judge Lundin in his treatise, *Chapter 13 Bankruptcy,* stated:

> There is no obvious statutory or constitutional reason why a lien holder is entitled to anything more in a Chapter 13 case than payment in full of the present value of the allowed amount of its secured claim.

Keith M. Lundin, *Chapter 13 Bankruptcy* § 6.12, at 6–40.

Sheboygan County alternatively argues that, under § 523(a)(7) of the Bankruptcy Code, a debtor is not discharged from any debt to the extent that it is for a governmental fine or penalty, and therefore, submits that the statutory penalty under Wis.Stat. § 74.47(2) should be fully allowed. But the instant case is a chapter 13 case. A discharge under chapter 13 is broader than a discharge under chapter 7. Certain debts, including governmental fines and penalties, which are non-dischargeable in chapter 7 become dischargeable in a successfully completed chapter 13 case. *See* 11 U.S.C. § 1328(a). *See also Collier on Bankruptcy* ¶ 1328.-01(1)(d) (15th ed.).

Sheboygan County's allowed secured claim consists of its pre-petition claim totalling $13,958.15 together with post-petition interest of 12% per year. Sheboygan County's post-petition penalty is disallowed.

Upon the successful completion of the Schneiders' plan, Sheboygan County shall be barred from collecting any post-petition penalty assessment on the real estate for the years 1988 through 1991, inclusive, and its existing tax lien covering this period shall be released. *See In re Norton,* 77 B.R. 682, 686 (Bankr.E.D.Wis.1987); *In re Pence,* 905 F.2d 1107 (7th Cir.1990).

This decision constitutes the court's findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.

### ORDER

The court having this date filed its decision in this case,

**IT IS ORDERED:**

1. The claim of Sheboygan County is allowed as a secured claim in the amount of $13,958.15 together with post-petition interest of 12% per year.

2. Sheboygan County's claim for post-petition penalty is disallowed.

3. Upon successful completion of the debtors' chapter 13 plan, Sheboygan County shall be barred from collecting any post-petition penalty assessment on the debtors' real estate for the years 1988 through 1991,

inclusive, and its existing tax lien covering this period shall be released.